440 F.2d 662
 19 Wage & Hour Cas. (BN 958, 65 Lab.Cas. P 32,467
 James D. HODGSON, Secretary of Labor, United States
Department of Labor, Plaintiff-Appellant,
v.
TEXACO INC., a Corp., Defendant-Appellee.
No. 30865 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 March 17, 1971.
 
 Carl W. Gerig, Jr., U.S. Dept. of Labor, Atlanta, Ga., Peter G. Nash, Sol. of Labor, bessie Margolin, Atty., Carin Ann Clauss, Dept. of Labor, washington, D.C., for plaintiff-appellant.
 Karl B. Block, Jr., Miami, Fla., O. R. Miller Houston, Tex., for defendant-appellee.
 Before WISDOM, COLEMAN, and MORGAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Lumsden, an employee of Texaco, filed an action for back pay against Texaco under the Fair Labor Standards Act May 29, 1968. During the week of January 26-31, 1970, Lumsden introduced as evidence in this suit certain documents that he had taken from company files without permission. Texaco considered some of this information confidential, and no employees had authority to publish it. Texaco thereupon fired him. The Secretary of Labor brought this action under 29 U.S.C. 215(a)(3) to require reinstatement and back pay for Lumsden, the essence of the complaint being that the discharge constituted retaliation for protected activity.
 
 
 2
 The district court found that Texaco discharged Lumsden because of his poor performance as an employee and because of his taking company records without permission. The Secretary of Labor appelas from the judgment for Texaco.
 
 
 3
 The discharge came eighteen months after the institution of Lumsden's suit. The district court found that, although Lumsden had performed poorly as an employee subsequent to the filing of the suit, the company did not discharge him because it wished to avoid any appearance of discriminating against him. The court further found that 'pilfering company property' was the last straw resulting in the discharge.
 
 
 4
 The Secretary argues that, even if there had been valid cause for discharge, bringing the records into court was a protected activity and the discharge is illegal bacause it was based in part on this activity. The Secretary argues that it was the use of the information against Texaco that led to the dismissal. The district court found that it was the unauthorized taking that led to the discharge and that the use simply brought the taking to Texaco's attention.
 
 
 5
 An employee's appropriation of records without permission for purposes of using them in a suit against a company is not protected by 29 U.S.C. 215(a) (3). Cf. Nix v. N.L.R.B., 5 Cir. 1969, 418 F.2d 1001; N.L.R.B. v. Uniform Rental Service, Inc., 6 Cir. 1968, 398 F.2d 812. The employee had a legitimate remedy: he could have sought a subpoena duces tecum to require the company to produce the records desired in court. The Secretary argues that because the issuance of such a subpoena is a ministerial act of the court clerk in the jurisdiction where this suit was pending, individually taking the records from the office was difference of form only. We disagree. Although issuing the subpoena may be ministerial, the company would have had an opportunity to use the legal processes to object to the subpoena if it was improper. That the company did not object to the admission of the evidence on the grounds of confidentiality is irrelevant in characterizing the unauthorized taking of the records as proper grounds for discharge.
 
 
 6
 The judgment below is affirmed.